UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN GORGONE,<br>    Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 1:17-cv-10748-RGS<br>)<br>)<br>)<br>)<br>) |

## CONFIDENTIALITY ORDER

IT IS HEREBY ORDERED:

1. Excerpts from Aetna Life Insurance Company's ("Aetna") Policies and Procedures addressing the handling of, and administrative appeals of, LTD claims ("LTD P&P") that Aetna produces in this action are hereby designated Confidential ("Confidential Material"). Confidential Material shall be designated as such by marking or stamping it "Confidential."

    a. In the event Aetna inadvertently produces Confidential Material without designating it as such, it may, by written notice delivered to plaintiff, designate the information Confidential and upon receipt of such notice, plaintiff shall mark the Confidential Material "CONFIDENTIAL" and shall treat it thereafter as Confidential and subject to this Order.

2. Confidential Material shall be used for no purpose other than the prosecution and/or defense of this action. Nothing in this Order shall be construed to limit, condition or otherwise restrict in any way Aetna's use of its own Confidential Material. Such use by Aetna shall not waive the protections of this Order and shall not entitle other parties, non-parties or their attorneys to use or disclose such information in violation of the Order.

3. If Confidential Material is revealed or discussed in interrogatory responses, deposition transcripts or other papers, such papers shall also be marked Confidential.

4. Confidential Material shall not be revealed to any persons, except for the following: (a) counsel of record and their attorneys, clerical, paralegal and secretarial staff, including contract employees; (b) stenographers and their staffs; (c) parties to this lawsuit and his, her or its representatives; and (d) the Court and its officers.

5. Confidential Material may be copied, and summaries, digests or abstracts may be made, but all such copies, digests, abstracts and summaries (including electronic copies, digests, abstracts and summaries) shall be considered Confidential and shall be subject to the provisions of this Order.

6. Confidential Material shall only be included in filings with the court if, and to the extent that, the filing party determines that it is reasonably necessary to do so. Any Confidential Material filed shall be treated as follows:

    a. The parties shall file the papers containing Confidential Material in unredacted form under seal, with copies served on all parties. In addition, a courtesy copy of any papers filed under seal shall be sent to Chambers.

    b. The papers shall also be filed in redacted form on ECF – that is, with redactions of any Confidential Material (including references to Confidential Material).

7. Modification of, or relief from, this Order may be sought by any party upon showing of good cause.

8. Within 30 days of the conclusion of this Action, plaintiff shall return to Aetna the Confidential Material, and all electronic and paper copies, digests, abstracts and summaries thereof, or certify in writing that they have destroyed all Confidential Material, and all elec-

tronic and paper copies, digests, abstracts and summaries thereof.  The provisions of this Order restricting communication, treatment and use of Confidential Material, shall continue to be binding after the termination of this Action.

Dated:     March 9, 2018

/s/Richard G. Stearns
U.S.D.J.